UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME TALLEY, | )<br>) |
| Plaintiff, | ) CASE NO.   C08-752-RSM-JPD<br>) |
| v. | )<br>) |
| T.C. BAILEY, *et al.*, | ) REPORT AND RECOMMENDATION<br>) |
| Defendants. | )<br>) |

    Plaintiff Jerome Talley is currently confined at the King County Jail in Seattle, Washington. On May 13, 2008, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*.  Plaintiff alleges in his complaint that on October 22, 2007, Seattle Police Officer T.C. Bailey searched plaintiff incident to his arrest under the Uniform Controlled Substances Act and confiscated fifty dollars from plaintiff without affording him the protections guaranteed by the Due Process Clause of the Constitution.  This Court, having screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, recommends that the complaint and action be dismissed without prejudice for the reasons set forth below.

REPORT AND RECOMMENDATION
PAGE - 1

In order to set forth a *prima facie* case under § 1983, a plaintiff must establish a deprivation of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Plaintiff alleges in his complaint that his due process rights were violated by Officer Bailey's conduct. However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Washington State provides a post-deprivation remedy for the alleged tortious conduct of city and county employees under RCW 4.96. Plaintiff does not allege any due process inadequacy in the tort remedy provided under RCW 4.96. Thus, plaintiff has not alleged a viable claim for relief with respect to the loss of his personal property.[1] This Court therefore recommends that plaintiff's complaint and this action be DISMISSED without prejudice. This Court further recommends that plaintiff's application to proceed *in forma pauperis* be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 20th day of May, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The Court notes that the claim asserted by plaintiff in the instant action is almost identical to the claim asserted by plaintiff in *Talley v. Bailey*, C08-677-TSZ-MAT. A Report and Recommendation recommending dismissal of that action is currently pending.

REPORT AND RECOMMENDATION
PAGE - 2